IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-00570-REB-MEH

CARLOS FROILAN GANDIAGA,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, and
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS AND
## DENYING MOTION TO BE DECLARED A PREVAILING PARTY

**Blackburn, J.**

This matter is before me on the **Plaintiff's Notice of Voluntary Dismissal of Complaint Pursuant to Federal Rule of Civil Procedure 41(a)(1) and Motion for Order Declaring Plaintiff a Prevailing Party** [#17], filed July 28, 2008. I grant the motion in part, and I deny the motion in part.

In his **Amended Complaint for Declaratory and Injunctive Relief** [#6] filed June 10, 2008, the plaintiff seeks an order requiring the defendants to comply forthwith with the plaintiff's request under 5 U.S.C. § 552, part of the Freedom of Information Act (FOIA). The defendants filed an answer [#8] on June 20, 2008, and then filed a motion for stay [#12] on July 1, 2008. In the motion for stay [#12], the defendants sought a stay of this case under 5 U.S.C. § 552(a)(6)(C)(I). The defendants argued in that motion that they were entitled to a stay of this case under applicable law because it is deluged with FOIA requests, it does not currently have the resources to eliminate the

backlog, and it nevertheless is using due diligence and making reasonable progress in processing its backlog of FOIA requests.  Notably, the defendants did not assert that the plaintiff is not entitled to the information he sought in his FOIA request.

On July 14, 2008, counsel for the plaintiff received the documents the plaintiff sought in his FOIA request.  Because the plaintiff has obtained the relief he seeks in his complaint, he now seeks dismissal of this case under F<small>ED</small>. R. C<small>IV</small>. P. 41(a)(1).  I grant the motion to dismiss under F<small>ED</small>. R. C<small>IV</small>. P. 41(a)(2).  Rule 41(a)(1) concerns dismissal by written stipulation of the parties or before the defendant serves either an answer or motion for summary judgment.  These circumstances are not present in this case.  Under other circumstances, a plaintiff may request a court order dismissing the plaintiff's case on terms that the court considers proper.  The plaintiff has obtained the information he seeks, his complaint now is moot, and dismissal is proper.

The plaintiff seeks also to be declared a prevailing party so he may be awarded attorney fees in this case.  Under 5 U.S.C. § 552(a)(4)(E)(i), a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."  A FOIA plaintiff has substantially prevailed if the plaintiff has obtained relief through either

> (I) a judicial order, or an enforceable written agreement or consent decree; or
>
> (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C. § 552(a)(4)(E)(ii)(I) & (II).

Here, the plaintiff argues that he has obtained relief through a voluntary or unilateral change in position by the agency. I disagree. The defendants' motion for stay [#12] is the most detailed statement of the defendants' position in this case. In that motion, the defendants said, in essence, that they could not respond to the plaintiff's FOIA request as quickly as the plaintiff wanted the defendants to respond. However, the defendants did not argue in that motion that the plaintiff was not entitled to some or all of the information the plaintiff sought in his FOIA request. Then, after a very brief delay, the defendants responded to the plaintiff's FOIA request. This was not a change in position by the defendant agencies. Rather, the agencies said in the motion to stay that they would respond as soon as reasonably possible, and then, after a very brief delay, the defendant agencies responded to the plaintiff's FOIA request. The position of the defendant agencies remained consistent. Therefore, I conclude that the plaintiff is not a prevailing party under 5 U.S.C. § 552(a)(4)(E)(ii)(II).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Notice of Voluntary Dismissal of Complaint Pursuant to Federal Rule of Civil Procedure 41(a)(1) and Motion for Order Declaring Plaintiff a Prevailing Party** [#17] filed July 28, 2008, is **GRANTED** as to the plaintiff's request that this case be dismissed;

2. That the **Plaintiff's Notice of Voluntary Dismissal of Complaint Pursuant to Federal Rule of Civil Procedure 41(a)(1) and Motion for Order Declaring Plaintiff a Prevailing Party** [#17], filed July 28, 2008, is **DENIED** as to the plaintiff's request that the court declare the plaintiff to be a prevailing party under 5 U.S.C.

§ 552(a)(4)(E)(ii)(II); and

    3. That under F<small>ED</small>. R. C<small>IV</small>. P. 41(a)(2), this case is **DISMISSED**.

Dated March 9, 2009, at Denver, Colorado.

                                      **BY THE COURT:**

                                      */s/ Robert E. Blackburn*
                                      Robert E. Blackburn
                                      United States District Judge